# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE CARPENTER,       | CV F   07 0029 OWW SMS P |
|     Plaintiff, | ORDER DENYING MOTION TO RESCIND FILING FEE (Doc. 8-1.) |
|   v. | |
| SULLIVAN, et. al., , | ORDER GRANTING MOTION TO DISMISS ACTION AS DUPLICATIVE OF 07-114-AWI-WMW-P (Doc. 8-2.) |
|     Defendants. / | ORDER DIRECTING CLERK OF COURT TO CLOSE ACTION |

    Willie Lee Carpenter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action was filed on January 8, 2007.

    Plaintiff moves this Court to rescind its Order granting him  in forma pauperis status and directing the institution to withdraw funds from Plaintiff's trust account to pay his filing fee for this action.  Plaintiff states that this action is identical to case no. CV F 07-114 AWI WMW filed on January 22, 2007, and as a result, he also requests that this action be dismissed.  Plaintiff states that this error is due to the "possible sabotaging" of his possessions which resulted in the filing of a duplicate action.

    The Court has reviewed the docket and finds that while Plaintiff is correct, that this action and the action assigned to Judge Wunderlich are identical, both were written and signed at separate times and in the second action, 07-114 AWI WMW, the original signature date was crossed out and a new one was put in its place.  Further, the newer Complaint did not contain Plaintiff's case number on it and thus, it was opened as a new case number.  Although the Court can honor Plaintiff's request to dismiss his case, the Court cannot rescind the Order to collect a

1  filing fee.  Unfortunately, the filing fee is owned upon the opening of a new case.  Here, Plaintiff
2  not only submitted a duplicate complaint, there is no indication from the Complaint that there
3  existed another duplicative action.  Moreover, Plaintiff submitted an entirely new Application to
4  Proceed In Forma Pauperis which was granted in the second case as well.  That an action is later
5  dismissed for whatever reasons, does not eliminate the owing of any monies owed toward the
6  filing fee.  As stated above, a filing fee is due when the action is filed.  Although the Court
7  granted Plaintiff IFP status, it means simply that he does not have to pay the full $350.00 before
8  the action can be opened.  The action was opened through no fault of the Court and thus, the
9  filing fee remains due and owing.

With regard to the requested dismissal, "under Rule 41(a)(1)(I), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (*quoting* Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Id. at 1078.  No defendant has filed an answer or other responsive pleading. Accordingly, Plaintiff's request will be granted.

The Court HEREBY ORDERS:

1. The Motion to Rescind the Court's Order collecting the filing fee is DENIED;
2. Plaintiff's request that the instant action be dismissed as duplicative of CV F 07-114 AWI WMW P is GRANTED and this action is DISMISSED.
3. The Clerk of Court is DIRECTED to close this action in accordance with this Order.

IT IS SO ORDERED.

**Dated:   April 13, 2007**             /s/ Oliver W. Wanger
                                                          UNITED STATES DISTRICT JUDGE